IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE JONES II,

    Plaintiff,                  No. CIV S-04-02739 DFL KJM P

    vs.

MICHAEL KNOWLES, et al.,      ORDER AND

    Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant Alameida's August 26, 2005 motion to dismiss is before the court. Plaintiff has opposed the motion and defendant has filed a reply.[1]

        Plaintiff claims Alameida failed to allow plaintiff access to certain legal materials in violation of the First Amendment. Compl. at 3 & Attach. Alameida moves to dismiss on

---

[1] On November 22, 2005, plaintiff filed a response to defendant Alameida's reply brief regarding the motion to dismiss. With respect to motions, the local rules contemplate an opposition and a reply. <u>See</u> Local Rule 78-230(m). Plaintiff did not seek leave to file a response to defendant Alameida's reply and plaintiff has failed otherwise to provide any reason justifying leave to file a response. Accordingly, the response will be disregarded. The court notes that in the title of the response, plaintiff also indicates that he seeks injunctive relief. Although it is not entirely clear, the relief plaintiff appears to seek is "immunity" from the "technicalities" of the Prison Litigation Reform Act's exhaustion requirements. Plaintiff identifies no grounds for such immunity that would support injunctive relief, and the court is not aware of any. Plaintiff's request for injunctive relief therefore also will be disregarded.

1

1  grounds plaintiff has failed to exhaust administrative remedies with respect to his claim prior to
2  bringing this action.
3        A motion to dismiss for failure to exhaust administrative remedies prior to filing
4  suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d
5  1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial
6  remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at
7  1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies,
8  the proper remedy is dismissal of the claim without prejudice. Id.
9        The Prison Litigation Reform Act provides that "[n]o action shall be brought with
10  respect to prison conditions under section 1983 of this title, . . . until such administrative
11  remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations
12  provide administrative procedures in the form of one informal and three formal levels of review
13  to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative
14  procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"
15  or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All
16  steps must be completed before a civil rights action is filed, unless a step is unavailable to a
17  plaintiff. Cf. Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005), cert. granted, 126 S. Ct. 647 (Nov.
18  14, 2005). Exhaustion during the pendency of the litigation will not save an action from
19  dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). Even if a requested remedy
20  is unavailable in an administrative grievance procedure, that remedy must be fully grieved.
21  Booth v. Churner, 532 U.S. 731, 741 (2001).
22        The parties agree that plaintiff filed a grievance concerning the actions of
23  defendant Alameida that are at issue in this action. Alameida asks that this action be dismissed
24  because plaintiff admits, in his complaint, that plaintiff never proceeded past the first level of
25  review after receiving a "partial grant." Compl. at 2. The grievance is attached to plaintiff's
26  complaint. Compl., Ex. A at 21 (green CDC 602 form).

1    After reviewing the grievance, and the other material relevant to defendant's motion, the court finds that plaintiff did not exhaust available administrative remedies with respect to his claims against defendant Alameida. In his grievance, plaintiff complained that Alameida refused to provide plaintiff with plaintiff's legal material and plaintiff sought "monetary compensation." Id. In his complaint, plaintiff seeks monetary damages and an order enjoining defendants from retaliatory action. Compl. at 4. At the first level, the reviewing officers agreed to issue plaintiff his property but did not address his request for money damages. Id., Ex A at 21. Plaintiff never complained about damages resulting from Alameida's conduct beyond the first level of review.[2] Because there is no indication that further levels beyond the initial level of review were unavailable for plaintiff to grieve all aspects of his complaints related to Alameida's conduct, plaintiff's claims against defendant Alameida must be dismissed.

Accordingly, IT IS HEREBY ORDERED that plaintiff's filing made on November 22, 2005 is disregarded.

IT IS HEREBY RECOMMENDED that

1. Defendant Alameida's August 26, 2005 motion to dismiss be granted;

2. Plaintiff's claims against defendant Alameida be dismissed without prejudice for failure to exhaust administrative remedies prior to bringing suit; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

/////

/////

---

[2] With his opposition, plaintiff has submitted several documents demonstrating higher level appeals of other grievances, but not of the grievance related to the instant complaint.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: February 7, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

1/jone2739.57